## UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF FLORIDA

**ALISON WOHL,**              CASE NO.: 24cv80731

    **Plaintiff,**

vs.

**UNITED STATES DEPARTMENT
OF EDUCATION**

    **Defendant.**
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF
## TO COMPEL PRODUCTION OF DOCUMENTS

**NOW INTO COURT,** through undersigned counsel, comes ALISON WOHL, the Plaintiff herein and hereby files this action against the UNITED STATES DEPARTMENT OF EDUCATION, the Defendant herein and hereby states:

### NATURE OF THE ACTION

1. This action seeks injunctive under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.,* to compel the U.S. Department of Education to produce records improperly withheld from Plaintiff Alison Wohl.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff, ALISON WOHL, is a natural person, citizen of the State of Florida, residing in Palm Beach County, Florida. Plaintiff has sought records under FOIA from the Department that are of public concern.

5. Defendant, United States Department of Education [hereinafter referred to as the "Defendant" or "Department"], which is a federal agency required under the FOIA to disclose records promptly upon request unless such records are protected from disclosure by law.

## **FACTUAL ALLEGATIONS**

6. Plaintiff was a victim of identity theft whereas an unknown person took out several Federal student loans with the Department at the following institutions: the University of Southwestern in Hobbs, New Mexico; Nova Southeastern University in Ft. Lauderdale, FL; and Webster University, in Orlando, Florida [hereinafter referred to as "Fraudulent Student Loans"].

7. The Plaintiff herself never attended the University of Southwestern in Hobbs, New Mexico; Nova Southeastern University in Ft. Lauderdale, FL; and Webster University, in Orlando, Florida and did not benefit in any way from the disbursement of the proceeds of these Fraudulent Student Loans.

8. In light of the Fraudulent Student Loans, the Plaintiff Sought information regarding the Fraudulent Student Loans and circumstances surrounding the applications, documentation, and communications regarding the Fraudulent Student Loans.

9. On October 11, 2023, Plaintiff, through her representative Attorney, Robert C. Gindel Jr., submitted a FOIA request to the Department seeking various documents pertaining to Alison Wohl's student loans and related communications from August 1, 2016, to December 31, 2021(see **Exhibit "A"**).

10. The Department acknowledged receipt of this request on October 17, 2023 (see **Exhibit "B"** attached Privacy Act Acknowledgment Letter), committing to forward the request to the appropriate offices for action.

11. Under 5 U.S.C., §552(a)(6)(A)(i), the Department was required to respond to the Plaintiff's request within twenty (20) working days of receipt, that is by November 29, 2023.

12. Section 552(a)(6)(B) allows an agency to take an extension of ten (10) working days if "unusual circumstances" require more time for completion of the request.

13. Even if the Department had invoked the ten-day extension, it would have been required to respond by December 13, 2023.

14. Despite multiple follow-up requests by the Plaintiff through her representative Attorney Robert C. Gindel, Jr., on: December 11, 2023; December 12, 2023; December 14, 2023; December 17, 2023; December 22, 2023; January 4, 2024; January 30, 2024; February 9, 2024; and March 7, 2024 (Composite **Exhibit "C'**) the Department has failed to produce any records or offer a lawful reason for their continued withholding.

15. As of the date of this Complaint, the Department as failed to (i) determine whether to comply with the request; (ii) notify the Plaintiff of any such determination or the reasons therefor; (iii) advise the Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I

## VIOLATION OF THE
## FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

16.     The Plaintiff realleges and incorporates paragraphs one (1) through fifteen (15) above as if fully set forth herein.

17.     The Department has failed to process and make a determination regarding Plaintiff's October 11, 2023, FOIA request within the statutory time limit and is unlawfully withholding records requested by the Plaintiff under 5 U.S.C. § 552.

18.     Because the Department failed to make a final determination on Plaintiff's request within the time limit set by FOIA, Plaintiff is deemed to have exhausted her administrative remedies.  *See* 5 U.S.C. §552(a)(6)(C)(i).

19.     The Department's actions harmed Plaintiff by continuously denying Plaintiff access to documents that she has a legal right to.  This harm is irreparable because no monetary damages can compensate Plaintiff for this loss. Plaintiff will continue to be irreparably

harmed unless and until the Department is compelled to conform its conduct to the requirements of law.

20. The Department's failure to respond substantively to Plaintiff's FOIA request constitutes an improper withholding of agency records in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

21. The Plaintiff has been required to retain the services of the undersigned Attorney and Law Firm in this matter and has agreed to pay the undersigned Attorney and Law Firm a reasonable fee for their services.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a. Order the Department to conduct a search for any and all records responsive to Plaintiff's FOIA requests, and to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to this request;

b. Order the Department to produce, by date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and index of any and all responsive records within under claim of exemption;

c. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to plaintiffs FOIA request;

d. Award Plaintiff attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

e. Grant such other relief as the Court may deem just and proper.

Respectfully submitted:

**Robert C. Gindel Jr., P.A.**
1500 Gateway Boulevard
Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550

BY:  /s/*Robert C. Gindel, Jr., Esq.*
Robert C. Gindel Jr.
Florida Bar No.: 470740